UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FKA Distributing Co., LLC, d/b/a Homedics<br><br>Plaintiff,<br><br>v.<br><br>Reathlete LLC<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff, FKA Distributing Co., LLC d/b/a Homedics ("Homedics"), by and through its undersigned counsel, for its Complaint herein states as follows.

## I.     PARTIES

1. Plaintiff FKA Distributing Co., LLC d/b/a Homedics is a limited liability company organized under the laws of Michigan, having a principal place of business at 3000 Pontiac Trail, Commerce Township, Michigan 48390 (hereinafter "Plaintiff" or "Homedics").

2. Upon information and belief, Defendant Reathlete LLC is a Florida limited liability company having an address at 900 Foulk Road, Suite 201, Wilmington, Delaware 19803 (hereinafter "Reathlete") and its registered agent at 155 Office Plaza Drive, 1st Floor, Tallahassee, FL 32301.

1

## II.   JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. The subject matter jurisdiction for this Court is founded upon 28 U.S.C. § 1338 (patents) and 28 U.S.C. § 1331 (federal question).

4. Upon information and belief, Defendant is subject to this Court's jurisdiction because Defendant continuously engages in substantial sales and other business transactions in this district. Defendant has sold infringing products, imported infringing products and/or committed infringing acts in this district. Furthermore, Defendant is incorporated Florida and have a registered agent located in the Northern District of Florida. The United States District Court for the Northern District of Florida therefore has *in personam* jurisdiction over Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. §1400(b).

## III.   THE INFRINGED PATENT

6. On May 25, 2010, U.S. Patent No. 7,722,553 ("the '553 patent") titled "Massage Apparatus" was duly and legally issued. (*See* Exhibit A, U.S. Patent No. 7,722,553). The '553 patent may hereinafter be referred to as the Patent-in-Suit.

7. Homedics is the owner of all right, title and interest in the Patent-in-Suit, including the right to sue and recover for past infringement.

8. Homedics is a leader in personal health and wellness products, including massagers sold under its Homedics brand.

9. Upon information and belief, Defendant had knowledge of the Patent-in-Suit. Defendant was well-aware of Homedics and its products. Defendant and Homedics are also competitors for sales of certain products and/or product categories.

## IV. COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,722,553

10. Homedics realleges the preceding paragraphs as though set forth fully herein.

11. Upon information and belief, Defendant manages, owns, and profits from sales of massagers. For example, Defendant has sold and/or is selling massager through https://amazon.com, https://walmart.com, and https://www.reathlete.com such as the NECKA neck massager with Amazon Standard Identification Number (ASIN) B09JWF9ZW8, and the SPINA back and neck massager.

12. Upon information and belief, the Reathlete heated rotational massagers have the same configuration and operate the same.

13. Defendant makes, uses, offers for sale, imports, and/or has sold in the United States massagers such as those described above (hereinafter "Heated Massagers"). Defendant's activities directly infringe, induce others to infringe, and/or contributorily infringe the '553 patent.

14. By making, using, offering for sale, and/or selling Heated Massagers in the United States, or contributing and/or inducing others to make, use, offer for sale, or sell, Defendant is infringing at least claim 1 of the '553 patent, under at least 35 U.S.C. § 271(a), (b), and/or (c).

15. For example, the Heated Massagers infringe at least claim 1 of the '553 patent, which states:

> 1. A heat therapy apparatus comprising:
> a housing;
> a substrate mounted to the housing for rotation relative thereto;
> a heater mounted to the substrate for providing a heat therapy effect from the substrate;
> a pair of conductive contacts each mounted to one of the substrate and the housing; and
> a pair of conductive brushes each mounted to the other of the substrate and the housing in engagement with one of the contacts for maintaining engagement during rotation of the substrate relative to the housing;
> wherein at least two of the contacts and brushes are in electrical communication with the heater and rotate relative to the housing with rotation of the substrate and the heater for conducting electricity to the heater.

16. The Heated Massagers are marketed as, sold in packaging and/or, are provided with instructions that indicate the massagers include a "Heating Function" and/or "Heat Therapy." The marketing, packaging, and/or instructions also recite the massagers provide a Shiatsu "Kneading Massage".

17. The massagers include a housing as well as a rotating substrate and heater mounted to the substrate. For instance, a substrate for rotation relative to the housing is shown below.



18. Below, the Heated Massager is further disassembled below to show the infrared heaters, which are in electrical communication with the brushes via red and black wires.

5



19. When assembled the brushes maintain contact with conductive contacts on the housing through continuous rotation to conduct electricity to the heater.



20. The conductive brushes are mounted to the substrate and connected to a heater mounted to the substrate. Each of the conductive brushes is in engagement with one of the annular contacts for maintaining engagement during rotation of the substrate relative to the housing.

21. As shown, the Heated Massagers each include two conductive brushes that when assembled are in electrical communication with the heater and rotate relative to the housing with rotation of the substrate and the heater for conducting electricity to the heater.

22. Defendant imports, has imported, offers for sale, has offered for sale, sold, and/or sells numerous products that infringe at least claim 1 of the '553 patent, including without limitation those described above. Defendant's activities also constitute infringement of other claims of the '553 patent. Homedics has suffered damages as a result of the infringing activities of Defendant, and Homedics will continue to suffer such damages as long as those infringing activities persist.

23. Defendant's activities also constituted infringement of other claims of the '553 patent.

24. Defendant was put on actual notice of infringement of the '553 patent at least as early as September 22, 2023.

25. Upon information and belief, even though Defendant had notice of the '553 patent, Defendant continued its infringement of the '553 patent. Moreover, given the parties' competitive status and similarities to Homedics products, it is reasonable to infer that Defendant copied from Homedics. Defendant's infringement has been willful, wanton, and deliberate.

26. Defendant has been, and upon information and belief still is, infringing, actively inducing others to infringe, and contributorily infringing the '553 patent. For example, Defendant induce or contribute to others' infringement by the instructions provided for operating its Heated Massagers.

27. Homedics expects that further evidentiary support for these infringement allegations will be shown upon additional examination and after a reasonable opportunity for further investigation and discovery. Furthermore, Homedics expects that other products of Defendant's also infringe claims of the '553 patent.

28. Homedics has suffered damages as a result of the infringing activities of Defendant and will continue to suffer such damages as long as those infringing activities continue.

29. Homedics has been, and will continue to be, irreparably harmed by Defendant's infringing conduct unless Defendant is enjoined by this Court.

30. Homedics has no adequate remedy at law.

## V. DEMAND FOR RELIEF

In accordance with the foregoing, Plaintiff respectfully demands that this Court enter judgment:

A. Declaring that Defendant has infringed the claims of the '553 patent and that such infringement has been and continues to be willful;

B. Preliminary and permanently enjoining and restraining Defendant, its officers, directors, employees, agents, servants, successors, and assigns, and any and all persons acting in privity or in concert with Defendant, from further infringement of the '553 patent;

C. Awarding Plaintiff its damages, together with pre- and post-judgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;

D. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Plaintiff its reasonable attorneys' fees and costs and disbursements in this action; and

E. Granting to Plaintiff such other and further relief as this Court deems reasonable.

## VI. DEMAND FOR JURY TRIAL

Homedics respectfully demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

Dated: February 12, 2025

                Respectfully submitted,

                **PERETZ CHESAL & HERRMANN, P.L**.

                By: */s/ Michael B. Chesal*
                    Michael B. Chesal
                    Florida Bar No. 77539
                    mchesal@pch-iplaw.com
                    1 S.E. 3rd Avenue, Suite 1820
                    Miami, FL 33131
                    Tel: (305) 341-3000

                *Attorneys for Plaintiff*